**The below described is SIGNED.**

**Dated: April 06, 2010**



**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Juan Carlos Ibarra and<br>Cecilia Ramirez De-Ibarra<br><br>    Debtors. | Bankruptcy Number: 08-27257<br><br>Chapter 7 |
| Stephen W. Rupp, Trustee,<br><br>    Plaintiff,<br><br>vs<br><br>Juan Carlos Ibarra and<br>Cecilia Ramirez De-Ibarra<br><br>    Defendants. | Adversary Proceeding No. 09-02169<br><br>Judge R. Kimball Mosier |

### FINDINGS AND CONCLUSIONS

The expedited trial in this adversary proceeding came before the Court on the 18th day of March 2010. Stephen W. Rupp of McKay, Burton & Thurman appeared on behalf of himself as the Chapter 7 Trustee (Trustee). Attorney Roger A Kraft appeared on behalf of the Juan Carlos

Ibarra and Cecilla Ramirez De-Ibarra, the Debtors (Debtors). This adversary proceeding was commenced by the Trustee naming five counts for relief under § 727(a)(3), (4), (5) & (6)(A)[1] seeking an order denying the debtors' discharge and a for a money judgment in the amount of $6,960.00.

## CASE BACKGROUND

At the trial, the Trustee offered tax returns that the debtors had been provided to the Trustee as exhibits. Counsel for the Debtors objected to admission of the tax returns into evidence because they did not contain the Debtors' signatures. The tax returns had been provided to the Trustee by the Debtors at the first meeting of creditors pursuant to § 521(e)(2) in response to the Court's order that the Debtors provide the Trustee copies of their 2008 tax returns. The Court admitted the tax return information into evidence under Federal Rule of Evidence 801(d)(2) as an admission by party-opponent. The Debtors' Schedules and Statements were admitted into evidence and the Court took judicial notice of the "Order Extending Deadline for Filing Complaints Concerning the Debtors' Discharge and Turnover Order" entered on March 3, 2009, which required the Debtors to turnover, within 10 days, all books, records and documents that are in the Debtors' possession that are responsive to the Trustee's motion for turnover, and to turnover copies of their 2008 tax returns upon the preparation and filing of their tax returns. It is uncontested that no books, documents, records or papers used in conjunction with the preparation of the 2008 Schedule "C" were turned over to the Trustee. Other than cross examination, the Debtors offered no evidence at the trial. At the trial, the Trustee acknowledged that the Debtors had turned over their 2008 tax refund and abandoned his fifth claim for relief.

---

[1] Unless otherwise noted, references to Code refers to Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

2

FACTUAL FINDINGS

The Court Finds that Cecilla Ramirez De-Ibarra turned over to the Trustee books and records respecting her financial affairs. The Court finds that Juan Carlos Ibarra failed to turnover any financial records to the Trustee. The Court finds that Schedule "C" attached to the Debtors', 2008 tax return, contained detailed information concerning Juan Carlos Ibarra's business as a floor installer including the following entries: gross receipts - $31,802; cost of goods sold - $5,845; gross income - $25,957; advertising - $50; car and truck expenses - $9,997; insurance - $200; rent or lease of vehicles, machinery and equipment - $1,834; travel - $1,465; other expenses - $835; total expenses - $14,382, and net profit - $11,576. Based upon the tax return information, the Court finds that Juan Carlos Ibarra owned and operated a business in 2008 and that his business turned a net profit of $11,576 in 2008. The Court finds that in order to prepare the Schedule "C" attached to the Debtors' 2008 tax return, Juan Carlos Ibarra should have had recorded information available to him containing the information necessary to prepare and file such a detailed return.

CONCLUSIONS OF LAW

The Bankruptcy Code must be construed liberally in favor of the debtor and strictly against a party objecting to the debtor's discharge. In re Brown, 108 F.3d 1290, 1292 (10th Cir. 1997). Grounds for denying a discharge as set forth in subsections (1) through (10) of § 727 are to be narrowly construed. In re Kallstrom, 298 B.R. 753, 758 (10th Cir. BAP 2003). A party objecting to a debtor's discharge under § 727 must carry their burden of proof. However, once the objecting party meets its initial burden of proof, the burden then shifts to the debtor. In re Stewart, 263 B.R. 608, 615 (10th Cir. BAP 2001). In order to deny a debtor's discharge pursuant

to 727, a creditor must demonstrate by a preponderance of the evidence that the debtor is not entitled to a discharge. Brown, at 1293. An honest error or mere inaccuracy is not a proper basis for denial of discharge. Brown, at 1295.

Because the facts developed at trial with respect to Cecilia Ramirez De-Ibarra differ considerable from the facts developed with respect to Juan Carlos Ibarra, the Court will rule on the merits of case against the two Debtors separately.

Trustee's Claims Against Cecilla Ramirez De-Ibarra. After considering the evidence presented at trial, the Court finds that the Trustee has failed to meet his burden of proof with respect to his claims against Cecilia Rameriz De-Ibarra under § 727(a)(3), (a)(4), (a)(5), or (a)(6)(A).

Trustee's Claims Against Juan Carlos Ibarra. At trail, Mr. Ibarra's counsel affirmatively stated that Mr. Ibarra operated a cash business and there is no record of these cash transactions. Counsel argued that § 727(a)(3) is only applicable if there is recorded information and therefore there is no basis to deny Mr. Ibarra's discharge under § 727(a)(3). Section 727(a)(3) states:

> (a) The court shall grant the debtor a discharge , unless —
>
> . . .
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

Mr. Ibarra's counsel argues that the term "keep" in § 727(a)(3) essentially requires the Debtor to take care of recorded information if it exists but there is no "legal requirement" that the Debtor create or set down in writing his financial transactions or happenings. This interpretation of the

4

term "keep" in § 727(a)(3) is redundant of the term "preserve" which immediately follows in § 727(a)(3). Although § 727(a)(3) does not require that records be kept in a particular manner, the cases holding that debtors have a duty to maintain financial records are legion. And while counsel's argument appears novel it begs the real issue. Even if Mr. Ibarra operated his business on a cash basis and failed to create an type of accounting, when he paid the cost of goods sold, car and truck expenses, insurance, rent or lease and other expenses he would have received an invoice or receipt. These documents constitute recorded information. The evidence demonstrates that Juan Carlos Ibarra failed to keep or preserve any records of his business and that Juan Carlos Ibarra's failure to do so has made it impossible for the Trustee to fully ascertain the financial condition and material transactions of the business operated by Juan Carlos Ibarra during 2008. Because Juan Carlos Ibarra failed to offer any evidence that justified his failure to keep or preserve any recorded information, including books, documents, records and papers, from which Juan Carlos Ibarra's financial condition or business transactions might be ascertained, the Court finds that Juan Carlos Ibarra's Chapter 7 discharge must be denied under §727(a)(3).

The circumstantial evidence surrounding Debtor's Schedule "C" filed with his 2008 tax return indicates that the debtor had, in his possession, at least some books, records, documents or papers that would be responsive to the Trustee's motion for turnover. Juan Carlos Ibarra failed to present any evidence regarding his failure to provide turnover of this information and the Court finds that the failure or refusal of Juan Carlos Ibarra to turn over any recorded information including books, documents, records or papers relating to Juan Carlos Ibarra's property or financial affairs to the Trustee constitutes a knowing and fraudulent withholding from an officer

of the estate entitled to possession, and that the Chapter 7 discharge of Juan Carlos Ibarra must be denied under § 727(a)(4).

The Trustee offered no evidence at trial to support denial of a Chapter 7 discharge to Juan Carlos Ibarra under § 727(a)(5) and has failed to meet his burden of proof with respect to §727(a)(5) against Juan Carlos Ibarra.

The Court finds that Juan Carlos Ibarra was ordered by the Court to turnover all books, records and documents that are were the Debtors' possession that are responsive to the Trustee's motion for turnover. The circumstantial evidence surrounding Debtor's Schedule "C" filed with his 2008 tax return indicates that the debtor had, in his possession, books, records, documents or papers that would be responsive to the Trustee's motion for turnover. Juan Carlos Ibarra offered no evidence at trial to indicate otherwise. Accordingly, the Chapter 7 discharge of Juan Carlos Ibarra must be denied under §727(a)(6)(A) for failure to obey a lawful order of the court.

The Court shall issue a separate order consistent with the above findings and conclusions.

-------------------------------------------END OF DOCUMENT-------------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Findings and Conclusions** will be effected through the Bankruptcy Noticing Center to the following parties.

Stephen W. Rupp
McKay Burton & Thurman
170 South Main Street, Suite 800
Salt Lake City, UT 84101

Roger A. Kraft
8813 South Redwood Road, Suite A
West Jordan, UT 84088

Juan Carlos Ibarra
Cecila Ramirez De-Ibarra
4867 West 6960 South
West Jordan, UT 84084